[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence August 6, 1993 Date of Application August 6, 1993 Date Application Filed Not indicated Date of Decision April 26, 1994
Application for review of sentence imposed by the Superior Court, Judicial District of Litchfield.
Carl D. Eisenman, Esq., Defense Counsel for Petitioner.
David Shepack, Esq., Assistant State's Attorney, for the State.
Sentence Affirmed.
MEMORANDUM OF DECISION
By the Division:
The petitioner entered pleas of guilty to charges of Murder (§ 53a-54); Conspiracy to Commit Murder (§§ 53a-54 and 53a-48); Tampering with Evidence (§ 53a-155 (a)(1).
There was an agreement between petitioner and the state that if he cooperated fully in the case against a co-defendant (Martin Bruno), the sentencing court would be fully apprised of the nature and extent of that cooperation, but aside from recommending concurrent sentences on the foregoing counts, the length of the sentence would be left to the discretion of the sentencing judge. CT Page 5757
The petitioner did cooperate fully in the case against Bruno. He testified truthfully and credibly according to the three judge panel that tried the Bruno case. Bruno was ultimately sentenced to term of sixty years.
The minimum sentence which the petitioner could have received was twenty five years. He received a total effective sentence of thirty years. His counsel argues that this is a minimum sentence situation, pointing to the petitioner's age (eighteen at time of sentence), his cooperation in testifying and subjecting himself to rigorous cross-examination and the risk involved to the petitioner in terms of his personal safety within the correctional system.
The petitioner participated in the vicious beating death of the victim, who had been lured to a remote cabin in the woods by the petitioner for the purpose of beating him. There was evidence that the perpetrators discussed killing him. The victim was beaten by both defendants with metal pipes. After he was killed they cremated the victim by burning his body overnight in the fireplace and threw his ashes into the outhouse. They both then cleaned up the cabin to hide any evidence. It was only when about three weeks later, after the petitioner's girl friend; who was also present, went to the police and told them what had happened, that the petitioner commenced any cooperation.
The petitioner, who had been on probation in New York state, was described by a probation officer there as fearing nothing and as a result, difficult to work with.
The sentencing court specifically stated that it was giving the petitioner substantial credit for his cooperation. In that he received a sentence thirty years less than that of his co-accused that fact of substantial credit can hardly be denied.
The Court was not obliged to impose the minimum sentence and it did impose a sentence that was considered, reasonable and totally appropriate.
Reviewing this sentence as required by Practice Book § 942, the Division finds it to be proportionate and concludes that it should remain as imposed.
Klaczak, J. Purtill, J. Norko, J. CT Page 5758
Purtill, Klaczak and Norko, J.s, participated in this decision.